**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | | |
|---|---|---|
| TRENTON SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 19-cv-1125 |
| | ) | |
| MARLIN ROBB, DIANA WORMAN, | ) | |
| DIETERICH UNIT #30 SCHOOLS, | ) | |
| and NEOGA CUSD #3, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TRENTON SPENCE, by and through his attorney, Jeffrey C. Grossich, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of the Defendants, MARLIN ROBB, DIANA WORMAN, DIETERICH UNIT #30 SCHOOLS, and NEOGA CUSD #3, states as follows:

### I.    JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

2.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### II.    PARTIES

3.    PLAINTIFF, TRENTON SPENCE (hereinafter, "PLAINTIFF"), is a resident of Effingham County, Illinois.

4.    PLAINTIFF was born in 2000.

1

5.     DEFENDANT, MARLIN ROBB ("DEFENDANT ROBB"), was at all times material and relevant hereto a substitute teacher of DEFENDANT DIETERICH UNIT #30 SCHOOLS.

6.     DEFENDANT ROBB was at all times material and relevant hereto an employee and/or agent of DEFENDANT DIETERICH UNIT #30 SCHOOLS.

7.     Upon information and belief, DEFENDANT ROBB is a resident of Effingham County, Illinois.

8.     Upon information and belief, DEFENDANT ROBB is sixty-eight years old.

9.     DEFENDANT, DIANA WORMAN ("DEFENDANT WORMAN"), was at all times material and relevant hereto an employee and/or agent of DEFENDANT DIETERICH UNIT #30 SCHOOLS.

10.     DEFENDANT, DIETERICH UNIT #30 SCHOOLS ("DEFENDANT UNIT #30"), is a duly incorporated municipal corporation.

11.     At all times material and relevant hereto, DEFENDANT ROBB was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of DEFENDANT UNIT #30.

12.     While serving as a substitute teacher of DEFENDANT UNIT #30, DEFENDANT ROBB was under the control and supervision of DEFENDANT UNIT #30.

13.     While serving as a substitute teacher of DEFENDANT UNIT #30, DEFENDANT ROBB was an employee, agent and/or apparent agent of DEFENDANT UNIT #30.

14.     At all times material and relevant hereto, DEFENDANT ROBB was employed by DEFENDANT UNIT #30 as a substitute teacher.

15.    At all times material and relevant hereto, DEFENDANT ROBB was acting within the scope of his employment by DEFENDANT UNIT #30.

16.    At all times material and relevant hereto, DEFENDANT WORMAN was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of DEFENDANT UNIT #30.

17.    DEFENDANT, NEOGA CUSD #3 ("DEFENDANT NEOGA"), is a duly incorporated municipal corporation.

18.    DEFENDANT ROBB previously worked as a teacher for DEFENDANT NEOGA.

19.    DEFENDANT ROBB is a past employee and/or agent of DEFENDANT NEOGA.

### III.    FACTS

**A. Defendant Robb's History of Sexual Abuse of Minors**

20.    Prior to working as a substitute teacher at DEFENDANT UNIT #30, DEFENDANT ROBB worked as a teacher at DEFENDANT NEOGA.

21.    While working as a teacher at DEFENDANT NEOGA, DEFENDANT ROBB engaged in in appropriate behavior with at least one minor student.

22.    While working as a teacher at DEFENDANT NEOGA, employees and/or administrators at DEFENDANT NEOGA determined that DEFENDANT ROBB had engaged in inappropriate behavior with at least one minor student.

23.    While working as a teacher at DEFENDANT NEOGA, DEFENDANT ROBB was accused of sexually abusing at least one minor student.

24.    While working as a teacher at DEFENDANT NEOGA, DEFENDANT ROBB sexually abused at least one minor student.

25.     DEFENDANT NEOGA, through its employees and/or agents, was aware that DEFENDANT ROBB had engaged in inappropriate behavior with minor students.

26.     DEFENDANT NEOGA, through its employees and/or agents, was aware of the sexual abuse allegation against DEFENDANT ROBB during DEFENDANT ROBB'S employment with DEFENDANT NEOGA.

27.     DEFENDANT NEOGA, through its employees and/or agents, was aware that DEFENDANT ROBB had been credibly accused of sexually abusing a minor student while DEFENDANT ROBB was employed by DEFENDANT NEOGA.

28.     DEFENDANT NEOGA terminated DEFENDANT ROBB'S employment because DEFENDANT ROBB engaged in inappropriate behavior with at least one minor student.

29.     DEFENDANT NEOGA no longer allowed DEFENDANT ROBB to serve as a substitute teacher at NEOGA CUSD #3 because DEFENDANT ROBB had engaged in inappropriate behavior with at least one minor student.

30.     Prior to the point in time when DEFENDANT UNIT #30 hired DEFENDANT ROBB, DEFENDANT NEOGA informed representatives, employees, and/or agents of DEFENDANT UNIT #30 that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA.

31.     Despite being informed by DEFENDANT NEOGA that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA, DEFENDANT UNIT #30 hired DEFENDANT ROBB.

32.     Despite being informed by DEFENDANT NEOGA that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA, DEFENDANT UNIT #30 hired DEFENDANT ROBB to be a substitute teacher.

4

33.     Despite being informed by DEFENDANT NEOGA that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA, DEFENDANT UNIT #30 allowed DEFENDANT ROBB to have contact with minor children.

34.     Despite being informed by DEFENDANT NEOGA that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA, DEFENDANT UNIT #30 gave DEFENDANT ROBB access to students at Dieterich Jr./Sr. High School.

35.     Prior to hiring DEFENDANT ROBB, employees, agents, and/or representatives of DEFENDANT UNIT #30 were aware that DEFENDANT ROBB had been previously accused of child sex abuse.

36.     Prior to hiring DEFENDANT ROBB, employees, agents, and/or representatives of DEFENDANT UNIT #30 were aware that DEFENDANT ROBB had been previously accused of inappropriate conduct with minor children.

37.     Despite being aware of the accusations against DEFENDANT ROBB, DEFENDANT UNIT #30 hired DEFENDANT ROBB to the position of substitute teacher.

**B.  Defendant Robb's Sexual Abuse of Plaintiff**

38.     Dieterich Jr./Sr. High School is a school of DEFENDANT UNIT #30 located at or near 108 West Church Street, Dieterich, Illinois 62424.

39.     At all relevant times, Dieterich Jr./Sr. High School was under the ownership, operation and/or control of DEFENDANT UNIT #30.

40.     On March 26, 2019, PLAINTIFF was enrolled as a student at Dieterich Jr./Sr. High School.

41.     On March 26, 2019, PLAINTIFF was enrolled as a special education student at Dieterich Jr./Sr. High School.

42.     Prior to March 26, 2019, PLAINTIFF was diagnosed with anxiety induced asthma.

43.     Prior to March 26, 2019, PLAINTIFF was diagnosed with an unspecified learning disability.

44.     On March 26, 2019, PLAINTIFF was present at Dieterich Jr./Sr. High School.

45.     On March 26, 2019, DEFENDANT ROBB was present at Dieterich Jr./Sr. High School.

46.     On March 26, 2019, as a substitute teacher and employee of DEFENDANT UNIT #30, DEFENDANT ROBB was acting *in loco parentis*.

47.     As a substitute teacher and employee of DEFENDANT UNIT #30, DEFENDANT ROBB had the authority to restrict the movement of minor students.

48.     As a substitute teacher and employee of DEFENDANT UNIT #30, DEFENDANT ROBB had the authority to discipline minor students.

49.     As a substitute teacher and employee of DEFENDANT UNIT #30, DEFENDANT ROBB had the authority to physically restrict the movement of minor students who may be a danger to themselves or others.

50.     On March 26, 2019, there came a point in time when PLAINTIFF and DEFENDANT ROBB were located in the same classroom inside of Dieterich Jr./Sr. High School.

51.     On March 26, 2019, DEFENDANT ROBB was acting as a substitute teacher in the classroom in which PLAINTIFF was a student.

52.     On March 26, 2019, DEFENDANT ROBB was acting as a substitute teacher in the classroom in which PLAINTIFF was located.

6

53.     On March 26, 2019, DEFENDANT ROBB touched the body of PLAINTIFF.

54.     On March 26, 2019, when DEFENDANT ROBB touched the body of PLAINTIFF, PLAINTIFF was not free to leave.

55.     On March 26, 2019, DEFENDANT ROBB made sexual remarks to PLAINTIFF.

56.     On March 26, 2019, when DEFENDANT ROBB made sexual remarks to PLAINTIFF, PLAINTIFF was not free to leave.

57.     On March 26, 2019, DEFENDANT ROBB rubbed his hands over PLAINTIFF'S clothes.

58.     On March 26, 2019, when DEFENDANT ROBB rubbed his hands over PLAINTIFF'S clothes, PLAINTIFF was not free to leave.

59.     On March 26, 2019, DEFENDANT ROBB touched PLAINTIFF'S face.

60.     On March 26, 2019, when DEFENDANT ROBB touched PLAINTIFF'S face, PLAINTIFF was not free to leave.

61.     On March 26, 2019, DEFENDANT ROBB touched PLAINTIFF'S chest.

62.     On March 26, 2019, when DEFENDANT ROBB touched PLAINTIFF'S chest, PLAINTIFF was not free to leave.

63.     On March 26, 2019, DEFENDANT ROBB touched PLAINTIFF'S thigh.

64.     On March 26, 2019, when DEFENDANT ROBB touched PLAINTIFF'S, thigh PLAINTIFF was not free to leave.

65.     On March 26, 2019, DEFENDANT ROBB continually touched the body of PLAINTIFF throughout a 45-minute period of time.

66.     On March 26, 2019, when DEFENDANT ROBB continually touched the body of PLAINTIFF throughout a 45-minute period of time, PLAINTIFF was not free to leave.

67.     At no time did PLAINTIFF consent to being touched by DEFENDANT ROBB.

68.     On March 26, 2019, PLAINTIFF had facial hair.

69.     On March 26, 2019, DEFENDANT ROBB said to PLAINTIFF, "You're hairy up there, I wonder if you're hairy down there."

70.     On March 26, 2019, DEFENDANT ROBB said to PLAINTIFF, "Andrew Jackson, I wonder if he jacked off as much as I do."

71.     On March 26, 2019, DEFENDANT ROBB said to PLAINTIFF, "Last night, I came inside my wife three times."

72.     On March 26, 2019, DEFENDANT ROBB told PLAINTIFF that DEFENDANT ROBB grew up with six brothers and that DEFENDANT ROBB and DEFENDANT ROBB'S brothers used to fondle each other.

73.     On March 26, 2019, DEFENDANT ROBB told PLAINTIFF that DEFENDANT ROBB suffered from an injury while swimming that prevented DEFENDANT ROBB from masturbating.

74.     On March 26, 2019, DEFENDANT ROBB said to PLAINTIFF, "Don't worry, I finally came."

75.     On March 26, 2019, DEFENDANT ROBB talked about masturbation with PLAINTIFF.

76.     On March 26, 2019, DEFENDANT ROBB talked about sex with PLAINTIFF.

77.     PLAINTIFF did not want to engage in a sexual conversation with DEFENDANT ROBB.

78.     PLAINTIFF did not consent to having a sexual conversation with DEFENDANT ROBB.

79.     DEFENDANT WORMAN is an employee and/or agent of DEFENDANT UNIT #30.

80.     DEFENDANT WORMAN is a teacher at Dieterich Jr./Sr. High School.

81.     On March 26, 2019, DEFENDANT WORMAN was working as a teacher at Dieterich Jr./Sr. High School.

82.     On March 26, 2019, DEFENDANT WORMAN was present in a classroom at Dietrich Jr./Sr. High School in which PLAINTIFF and DEFENDANT ROBB were also present.

83.     On March 26, 2019, DEFENDANT WORMAN was present in the same room as PLAINTIFF and DEFENDANT ROBB while DEFENDANT ROBB was touching PLAINTIFF'S body.

84.     On March 26, 2019, DEFENDANT WORMAN was present in the same room as PLAINTIFF and DEFENDANT ROBB while DEFENDANT ROBB was touching PLAINTIFF'S chest.

85.     On March 26, 2019, DEFENDANT WORMAN was present in the same room as PLAINTIFF and DEFENDANT ROBB while DEFENDANT ROBB was touching PLAINTIFF'S face.

86.     On March 26, 2019, DEFENDANT WORMAN was present in the same room as PLAINTIFF and DEFENDANT ROBB while DEFENDANT ROBB was touching PLAINTIFF'S thigh.

87.     On March 26, 2019, DEFENDANT WORMAN was present in the same room as PLAINTIFF and DEFENDANT ROBB while DEFENDANT ROBB made sexual comments to PLAINTIFF.

88.     On March 26, 2019, DEFENDANT WORMAN saw DEFENDANT ROBB touching PLAINTIFF'S body.

89.     On March 26, 2019, DEFENDANT WORMAN was aware that DEFENDANT ROBB was touching PLAINTIFF'S body.

90.     On March 26, 2019, DEFENDANT WORMAN did not act to stop DEFENDANT ROBB from touching PLAINTIFF'S body.

91.     On March 26, 2019, DEFENDANT WORMAN did nothing to stop DEFENDANT ROBB from touching PLAINTIFF'S body.

92.     On March 26, 2019, DEFENDANT WORMAN heard DEFENDANT ROBB make sexual comments to PLAINTIFF.

93.     On March 26, 2019, DEFENDANT WORMAN did not act to stop DEFENDANT ROBB from making sexual comments to PLAINTIFF.

94.     On March 26, 2019, DEFENDANT WORMAN did nothing to stop DEFENDANT ROBB from making sexual comments to PLAINTIFF.

95.     On March 26, 2019, DEFENDANT WORMAN was aware that DEFENDANT ROBB was sexually abusing PLAINTIFF.

96.     On March 26, 2019, DEFENDANT WORMAN was able to stop DEFENDANT ROBB from sexually abusing PLAINTIFF.

97.     Despite being aware that DEFENDANT ROBB was sexually abusing PLAINTIFF, DEFENDANT WORMAN did nothing to intervene to stop DEFENDANT ROBB from sexually abusing PLAINTIFF.

98.     After the class period ended, PLAINTIFF went to the principal's office.

99.     After the class period ended, PLAINTIFF went to the principal's office and reported the actions of DEFENDANT ROBB.

100.    On March 26, 2019, DEFENDANT ROBB was questioned by other faculty and/or staff at Dieterich Jr./Sr. High School.

101.    On March 26, 2019, DEFENDANT ROBB was questioned by one or more employees, agents and/or representatives of DEFENDANT UNIT #30.

102.    On March 26, 2019, DEFENDANT ROBB was questioned by a police officer.

103.    On March 26, 2019, DEFENDANT ROBB admitted to touching PLAINTIFF.

104.    On March 26, 2019, DEFENDANT ROBB admitted to engaging in a sexual conversation with PLAINTIFF.

105.    On March 26, 2019, DEFENDANT ROBB admitted to one or more employees, agents and/or representatives of DEFENDANT UNIT #30 that DEFENDANT ROBB had touched PLAINTIFF.

106.    On March 26, 2019, DEFENDANT ROBB admitted to a police officer that DEFENDANT ROBB had touched PLAINTIFF.

107.    Cary Jackson is the superintendent of DEFENDANT UNIT #30.

108.    On March 27, 2019, Cary Jackson sent an email to the parents and guardians of students at Dieterich Jr./Sr. High School.

109.    The email Cary Jackson sent to parents and guardians was in reference to the March 26, 2019 interaction between DEFENDANT ROBB and PLAINTIFF.

110.    The email Cary Jackson sent to parents and guardians acknowledged that on March 26, 2019, an inappropriate conversation took place between a substitute teacher and a student.

111.    Upon information and belief, since March 26, 2019, other students at Dieterich Jr./Sr. High School, besides PLAINTIFF, have accused DEFENDANT ROBB of engaging in inappropriate sexual conduct.

112.    Upon information and belief, since March 26, 2019, other students at Dieterich Jr./Sr. High School, besides PLAINTIFF, have accused DEFENDANT ROBB of engaging in child sex abuse.

113.    As a result of the abuse alleged above, PLAINTIFF experienced severe anxiety.

114.    As a result of the abuse alleged above, PLAINTIFF experienced fear and apprehension.

115.    After March 26, 2019, PLAINTIFF was tutored outside of school.

116.    PLAINTIFF completed his senior-year coursework off the premises of Dieterich Jr./Sr. High School.

117.    PLAINTIFF completed his senior-year coursework off the premises of Dieterich Jr./Sr. High School as a result of the abuse alleged above.

118.    When DEFENDANT UNIT #30 hired DEFENDANT ROBB, DEFENDANT UNIT #30 completely disregarded the safety and welfare of minor children.

119.    DEFENDANT UNIT #30 hired DEFENDANT ROBB despite knowing that DEFENDANT ROBB was accused of inappropriate conduct with minor children.

120.    DEFENDANT UNIT #30 hired DEFENDANT ROBB despite knowing that DEFENDANT ROBB was accused of sexually abusing minor children.

121.    DEFENDANT UNIT #30 knew that DEFENDANT ROBB was a threat to minor children.

122.   When DEFENDANT UNIT #30 hired DEFENDANT ROBB, DEFENDANT UNIT #30, through its employees, agents, and/or representatives, knew that DEFENDANT ROBB would have frequent interactions with minor children.

123.   Despite knowing that DEFENDANT ROBB was accused of child sex abuse, DEFENDANT UNIT #30 placed DEFENDANT ROBB in a position in which DEFENDANT ROBB would frequently interact with minor children.

124.   The abuse of PLAINTIFF by DEFENDANT ROBB took place on property owned, operated, and/or controlled by DEFENDANT UNIT #30.

125.   DEFENDANT ROBB obtained access to PLAINTIFF as a direct result of his position as substitute teacher at DEFENDANT UNIT #30.

126.   At the time when DEFENDANT ROBB sexually abused PLAINTIFF, PLAINTIFF was a student at Dieterich Jr./Sr. High School.

127.   At the time when DEFENDANT ROBB sexually abused PLAINTIFF, PLAINTIFF was a student in the special education program at Dieterich Jr./Sr. High School.

128.   At the time when DEFENDANT ROBB sexually abused PLAINTIFF, PLAINTIFF suffered from anxiety induced asthma.

129.   At the time when DEFENDANT ROBB sexually abused PLAINTIFF, PLAINTIFF suffered from a learning disability.

130.   As a result of the abuse alleged above, PLAINTIFF has experienced severe anxiety.

131.   As a result of the abuse alleged above, PLAINTIFF has suffered, and continues to suffer, shame, guilt, and embarrassment.

132.   As a result of the abuse alleged above, PLAINTIFF suffered, and continues to suffer from emotional and psychological injuries.

133.    As a result of the abuse alleged above, PLAINTIFF regularly attends professional counseling and therapy.

134.    On September 18, 2019, DEFENDANT ROBB was arrested.

135.    On September 18, 2019, DEFENDANT ROBB was charged with four counts of aggravated battery and one count of grooming.

136.    On September 18, 2019, DEFENDANT ROBB was charged with four counts of aggravated battery and one count of grooming.   These charges resulted from DEFENDANT ROBB'S interaction with the PLAINTIFF on March 26, 2019.

137.    DEFENDANT ROBB is currently being criminally prosecuted.

138.    DEFENDANT ROBB'S criminal prosecution is a result of DEFENDANT ROBB'S interaction with the PLAINTIFF on March 26, 2019.

### COUNT I
### False Arrest Pursuant to 42 U.S.C. §1983 and the Fourth Amendment
**(DEFENDANT ROBB)**

139.    PLAINTIFF re-alleges paragraphs 1-138 as though fully set forth herein.

140.    DEFENDANT ROBB violated PLAINTIFF'S clearly established constitutional right to be free from unlawful searches and seizures.

141.    The conduct of DEFENDANT ROBB alleged above violated the Fourth Amendment to the United States Constitution.

142.    The aforementioned actions of DEFENDANT ROBB were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of the PLAINTIFF and against DEFENDANT ROBB, individually, and award

compensatory and punitive damages, court costs, attorneys' fees, and such other relief as this Honorable Court deems just and equitable.

## COUNT II
## Illinois State Law Battery
### (DEFENDANT ROBB)

143.    PLAINTIFF re-alleges paragraphs 1-138 as though fully set forth herein.

144.    DEFENDANT ROBB touched the person of the PLAINTIFF in an offensive manner.

145.    PLAINTIFF did not consent to being touched by DEFENDANT ROBB.

146.    DEFENDANT ROBB sexually abused PLAINTIFF.

147.    DEFENDANT ROBB sexually abused PLAINTIFF while was a student and DEFENDANT ROBB was PLAINTIFF'S teacher.

148.    DEFENDANT ROBB committed unlawful, offensive contact against the person of the PLAINTIFF.

149.    As a result of the actions of DEFENDANT ROBB, PLAINTIFF suffered and continues to suffer emotional and psychological injuries, among other damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against DEFENDANT ROBB, individually, and award compensatory damages, court costs, and such other relief as this Honorable Court deems just and equitable.

## COUNT III
## Failure to Intervene Pursuant to 42 U.S.C. §1983 and the Fourth Amendment
### (DEFENDANT WORMAN)

150.    PLAINTIFF re-alleges paragraphs 1-149 as though fully set forth herein.

151.    DEFENDANT WORMAN failed to intervene when DEFENDANT ROBB unreasonably seized the PLAINTIFF.

152.    These actions by DEFENDANT WORMAN in failing to intervene in DEFENDANT ROBB'S unreasonable seizure of the PLAINTIFF directly and proximately caused the PLAINTIFF to suffer, *inter alia*, pain and suffering, humiliation, emotional distress, mental anguish, and emotional and psychological injuries.

WHEREFORE, the PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of the PLAINTIFF and against DEFENDANT WORMAN, individually, and award compensatory and punitive damages, court costs, attorneys' fees, and such other relief as this Honorable Court deems just and equitable.

**COUNT IV**
**Illinois State Law Willful and Wanton Conduct**
**(DEFENDANT WORMAN)**

153.    PLAINTIFF re-alleges paragraphs 1-149 as though fully set forth herein.

154.    DEFENDANT WORMAN had a duty to refrain from engaging in willful and wanton conduct.

155.    DEFENDANT WORMAN committed willful and wanton conduct when she did nothing to stop the ongoing sexual abuse of the PLAINTIFF by DEFENDANT ROBB.

156.    The acts and/or omissions of DEFENDANT WORMAN proximately caused the injuries sustained by the PLAINTIFF, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of the PLAINTIFF and against DEFENDANT WORMAN, individually, and award compensatory and punitive damages, court costs, and such other relief that this Honorable Court deems just and equitable.

## COUNT V
## Illinois State Law Willful and Wanton Conduct
### (DEFENDANT UNIT #30)

157.    PLAINTIFF re-alleges paragraphs 1-149 as though fully set forth herein.

158.    PLAINTIFF was a student at Dieterich Jr./Sr. High School, which is owned, operated and/or controlled by DEFENDANT UNIT #30.

159.    DEFENDANT UNIT #30 agreed to and did undertake to provide for the supervision, care and safety of students, including PLAINTIFF, at the premises of Dieterich Jr./Sr. High School.

160.    As the owner and/or operator of Dieterich Jr./Sr. High School, DEFENDANT UNIT #30 had a duty to exercise reasonable care to protect the health and welfare of students, including PLAINTIFF, who attended Dieterich Jr./Sr. High School.

161.    As such, DEFENDANT UNIT #30 owed a duty of care to PLAINTIFF.

162.    DEFENDANT UNIT #30 had a duty to refrain from engaging in willful and wanton conduct.

163.    DEFENDANT UNIT #30 committed willful and wanton conduct when they hired DEFENDANT ROBB despite knowing that DEFENDANT ROBB was accused of inappropriate conduct with minor children.

164.    DEFENDANT UNIT #30 committed willful and wanton conduct when they hired DEFENDANT ROBB despite knowing that DEFENDANT ROBB was a child sex abuser.

165.    DEFENDANT UNIT #30 committed willful and wanton conduct when DEFENDANT UNIT #30 hired DEFENDANT ROBB, despite knowing that DEFENDANT ROBB was a danger to students.

17

166.    DEFENDANT UNIT #30 committed willful and wanton conduct against PLAINTIFF in the following ways:

      a.  failed to properly investigate reports of inappropriate sexual behavior by DEFENDANT ROBB;

      b.  failed to adequately supervise or control DEFENDANT ROBB;

      c.  failed to protect students, including PLAINTIFF, from DEFENDANT ROBB'S sexual abuse;

      d.  allowed PLAINTIFF to suffer harm as a result of PLAINTIFF'S reliance on DEFENDANT UNIT #30'S undertaking to provide for the supervision, care and safety of students while they were on the premises of Dieterich Jr./Sr. High School;

      e.  allowed DEFENDANT ROBB to have contact with students; and

      f.  allowed DEFENDANT ROBB unrestricted access to students.

167.    The acts and/or omissions of DEFENDANT UNIT #30 proximately caused the injuries sustained by PLAINTIFF, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against DEFENDANT UNIT #30 and award compensatory damages, punitive damages, court costs, and such other relief as this Honorable Court deems just and equitable.

### COUNT VI
### Illinois State Law Negligence
### (DEFENDANT UNIT #30)

168.    PLAINTIFF re-alleges paragraphs 1-149 as though fully set forth herein.

169.    PLAINTIFF was a student at Dieterich Jr./Sr. High School, which is owned, operated and/or controlled by DEFENDANT UNIT #30.

170.    DEFENDANT UNIT #30 agreed to and did undertake to provide for the supervision, care and safety of students, including PLAINTIFF, at the premises of Dieterich Jr./Sr. High School.

171.    As the owner and/operator of Dieterich Jr./Sr. High School, DEFENDANT UNIT #30 had a duty to exercise reasonable care to protect the health and welfare of students, including PLAINTIFF, who attended Dieterich Jr./Sr. High School.

172.    DEFENDANT UNIT #30 owed a duty of care to PLAINTIFF.

173.    DEFENDANT UNIT #30, by exposing PLAINTIFF to a known child sex abuser, breached the duty of care owed to PLAINTIFF.

174.    DEFENDANT UNIT #30 breached the duty of care it owed to PLAINTIFF in the following ways:

      a.  failed to properly investigate reports of inappropriate sexual behavior by DEFENDANT ROBB;

      b.  failed to adequately supervise or control DEFENDANT ROBB;

      c.  failed to protect students, including PLAINTIFF, from DEFENDANT ROBB'S sexual abuse;

      d.  allowed PLAINTIFF to suffer harm as a result of PLAINTIFF'S reliance on DEFENDANT UNIT #30'S undertaking to provide for the supervision, care and safety of students while they are on the premises of Dieterich Jr./Sr. High School;

e.  allowed DEFENDANT ROBB to have contact with students, including PLAINTIFF; and

f.  allowed DEFENDANT ROBB unrestricted access to students.

175.  The acts and/or omissions of DEFENDANT UNIT #30 proximately caused the injuries sustained by PLAINTIFF, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against DEFENDANT UNIT #30 and award compensatory damages, court costs, and such other relief as this Honorable Court deems just and equitable.

**COUNT VII**
**Indemnification Claim pursuant to 745 ILCS 10/9-102**
**(DEFENDANT UNIT #30)**

176.  PLAINTIFF re-alleges paragraphs 1-156 as though fully set forth herein.

177.  DEFENDANT UNIT #30 was the employer of DEFENDANT ROBB and DEFENDANT WORMAN alleged above.

178.  DEFENDANT ROBB and DEFENDANT WORMAN, as alleged above, committed the acts under color of law and in the scope of employment with DEFENDANT UNIT #30.

179.  Pursuant to the Illinois Tort Immunity Act, 735 ILCS 10/9-102, the DEFENDANT UNIT #30 is liable for any judgment for compensatory damages arising from DEFENDANT ROBB'S and DEFENDANT WORMAN'S actions.

WHEREFORE, should DEFENDANT ROBB and/or DEFENDANT WORMAN, in their individual capacities, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT UNIT #30 pay any judgement obtained against DEFENDANT ROBB and/or DEFENDANT WORMAN.

## COUNT VIII
### *Respondeat Superior*
### (DEFENDANT UNIT #30)

180.     PLAINTIFF re-alleges paragraphs 1-156 as though fully set forth herein.

181.     DEFENDANT UNIT #30 is the employer of DEFENDANT ROBB and DEFENDANT WORMAN.

182.     The aforesaid acts of DEFENDANT ROBB and DEFENDANT WORMAN were committed within the scope of their employment, and therefore, DEFENDANT UNIT #30, as principal, is liable for actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT ROBB and/or DEFENDANT WORMAN, in their individual capacities, be found liable for any of the alleged state law counts in this cause, the PLAINTIFF demands that, pursuant to the doctrine of *respondeat superio*r, DEFENDANT UNIT #30 pay any judgment obtained against DEFENDANT ROBB and/or DEFENDANT WORMAN.

## COUNT IX
### Illinois State Law Willful and Wanton Conduct
### (DEFENDANT NEOGA)

183.     PLAINTIFF re-alleges paragraphs 1-149 as though fully set forth herein.

184.     Paragraphs 185-209 are pleaded in the alternative.

185.     DEFENDANT NEOGA did not properly investigate and report the accusations of inappropriate sexual behavior by DEFENDANT ROBB.

186.     Employees and/or agents of DEFENDANT NEOGA are required by law to report incidents of suspected sexual abuse of minor children to law enforcement or other civil authorities.

21

187.    Employees and/or agents of DEFENDANT NEOGA are required by law to report individuals suspected of sexually abusing minor children to law enforcement or other civil authorities.

188.    Employees and/or agents of DEFENDANT NEOGA were aware of sexual abuse allegations against DEFENDANT ROBB.

189.    Employees and/or agents of DEFENDANT NEOGA were required by law to report to law enforcement or other civil authorities that DEFENDANT ROBB had engaged in inappropriate conduct with minor children.

190.    Employees and/or agents of DEFENDANT NEOGA were required by law to report to law enforcement or other civil authorities that DEFENDANT ROBB had sexually abused minor children.

191.    Employees and/or agents of DEFENDANT NEOGA failed to report DEFENDANT ROBB to law enforcement or other civil authorities when they knew or should have known of DEFENDANT ROBB'S sexual misconduct against minor children.

192.    When employees and/or agents of DEFENDANT NEOGA failed to report DEFENDANT ROBB'S sexual misconduct to law enforcement or other civil authorities, it was foreseeable that DEFENDANT ROBB would engage in sexual misconduct with students in the future.

193.    DEFENDANT NEOGA owed a duty of care to minor children.

194.    DEFENDANT NEOGA owed a duty of care to students.

195.    Employees and/or agents of DEFENDANT NEOGA had a duty to report incidents of suspected child sex abuse to law enforcement or other civil authorities.

196.    Employees and/or agents of DEFENDANT NEOGA had a duty to report suspected child sex abusers to law enforcement or other civil authorities.

197.    Employees and/or agents of DEFENDANT NEOGA had a duty to report suspected child sex abusers, including DEFENDANT ROBB, to law enforcement or other civil authorities.

198.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA breached the duty of care it owed to minor children.

199.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA breached the duty of care it owed to students.

200.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, despite knowing that DEFENDANT ROBB was a suspected child sex abuser, DEFENDANT NEOGA engaged in willful and wanton conduct.

201.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA'S employees, agents and/or representatives allowed DEFENDANT ROBB to be hired by other school districts.

202.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA'S employees, agents and/or representatives allowed DEFENDANT ROBB to be hired by other school districts, including DEFENDANT UNIT #30.

203.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA'S employees, agents and/or representatives allowed DEFENDANT ROBB to continue to engage in sexual misconduct with students.

204.    But for employees, agents and/or representatives of DEFENDANT NEOGA not reporting DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT ROBB would have been prevented from sexually abusing students in the future.

205.    But for employees, agents and/or representatives of DEFENDANT NEOGA not reporting DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT ROBB would have been prevented from sexually abusing other students, including PLAINTIFF.

206.    But for employees, agents and/or representatives of DEFENDANT NEOGA not reporting DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT ROBB would not have sexually abused PLAINTIFF.

207.    DEFENDANT NEOGA did not inform representatives, employees, and/or agents of DEFENDANT UNIT #30 that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA.

208.    But for DEFENDANT NEOGA not informing representatives, employees, and/or agents of DEFENDANT UNIT #30 that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA, DEFENDANT ROBB would not have sexually abused PLAINTIFF.

209.    The acts and/or omissions of DEFENDANT NEOGA proximately caused the injuries sustained by PLAINTIFF, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against DEFENDANT NEOGA and award compensatory damages, punitive damages, court costs, and such other relief as this Honorable Court deems just and equitable.

### COUNT X
### Illinois State Law Negligence
**(DEFENDANT NEOGA)**

210.    PLAINTIFF re-alleges paragraphs 1-149 as though fully set forth herein.

211.    Paragraphs 212-235 are pleaded in the alternative.

212.     DEFENDANT NEOGA did not properly investigate and report accusations of inappropriate sexual behavior by DEFENDANT ROBB.

213.     Employees and/or agents of DEFENDANT NEOGA are required by law to report incidents of suspected sexual abuse of minor children to law enforcement or other civil authorities.

214.     Employees and/or agents of DEFENDANT NEOGA are required by law to report individuals suspected of sexually abusing minor children to law enforcement or other civil authorities.

215.     Employees and/or agents of DEFENDANT NEOGA were aware of sexual abuse allegations against DEFENDANT ROBB.

216.     Employees and/or agents of DEFENDANT NEOGA were required by law to report to law enforcement or other civil authorities that DEFENDANT ROBB had engaged in inappropriate conduct with minor children.

217.     Employees and/or agents of DEFENDANT NEOGA were required by law to report to law enforcement or other civil authorities that DEFENDANT ROBB had sexually abused minor children.

218.     Employees and/or agents of DEFENDANT NEOGA failed to report DEFENDANT ROBB to law enforcement or other civil authorities when they knew or should have known of DEFENDANT ROBB'S sexual misconduct against minor children.

219.     When employees and/or agents of DEFENDANT NEOGA failed to report DEFENDANT ROBB'S sexual misconduct to law enforcement or other civil authorities, it was foreseeable that DEFENDANT ROBB would engage in sexual misconduct with students in the future.

220.     DEFENDANT NEOGA owed a duty of care to minor children.

221.    DEFENDANT NEOGA owed a duty of care to students.

222.    Employees and/or agents of DEFENDANT NEOGA had a duty to report incidents of suspected child sex abuse to law enforcement or other civil authorities.

223.    Employees and/or agents of DEFENDANT NEOGA had a duty to report suspected child sex abusers to law enforcement or other civil authorities.

224.    Employees and/or agents of DEFENDANT NEOGA had a duty to report suspected child sex abusers, including DEFENDANT ROBB, to law enforcement or other civil authorities.

225.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA breached the duty of care it owed to minor children.

226.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA breached the duty of care it owed to students.

227.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA'S employees, agents and/or representatives allowed DEFENDANT ROBB to be hired by other school districts.

228.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA'S employees, agents and/or representatives allowed DEFENDANT ROBB to be hired by other school districts, including DEFENDANT UNIT #30.

229.    By failing to report DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT NEOGA'S employees, agents and/or representatives allowed DEFENDANT ROBB to continue to engage in sexual misconduct with students.

230.    But for employees, agents and/or representatives of DEFENDANT NEOGA not reporting DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT ROBB would have been prevented from sexually abusing students in the future.

26

231.    But for employees, agents and/or representatives of DEFENDANT NEOGA not reporting DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT ROBB would have been prevented from sexually abusing other students, including PLAINTIFF.

232.    But for employees, agents and/or representatives of DEFENDANT NEOGA not reporting DEFENDANT ROBB to law enforcement or other civil authorities, DEFENDANT ROBB would not have sexually abused PLAINTIFF.

233.    DEFENDANT NEOGA did not inform representatives, employees, and/or agents of DEFENDANT UNIT #30 that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA.

234.    But for DEFENDANT NEOGA not informing representatives, employees, and/or agents of DEFENDANT UNIT #30 that DEFENDANT ROBB had been accused of sexual abuse during DEFENDANT ROBB'S employment with DEFENDANT NEOGA, DEFENDANT ROBB would not have sexually abused PLAINTIFF.

235.    The acts and/or omissions of DEFENDANT NEOGA proximately caused the injuries sustained by PLAINTIFF, and PLAINTIFF suffered damages.

WHEREFORE, PLAINTIFF respectfully requests that this Honorable Court enter judgment in favor of PLAINTIFF and against DEFENDANT NEOGA and award compensatory damages, court costs, and such other relief as this Honorable Court deems just and equitable.

## JURY DEMAND

PLAINTIFF demands a trial by jury.

Respectfully submitted,


***s/Jeffrey C. Grossich***
Attorney for Plaintiff

Jeffrey C. Grossich, Esq.
IL ARDC No. 6316511
The Blake Horwitz Law Firm, Ltd.
111 West Washington Street, Suite 1611
Chicago, Illinois 6062
Phone: (312) 676-2100
Fax: (312) 445-8741
jgrossich@bhlfattorneys.com