IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRENTON SPENCE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MARLIN ROBB, DIANA WORMAN,<br>DIETRICH UNIT #30 SCHOOLS, AND<br>NEOGA CUSD #3,**<br><br>**Defendants.** | **Case No. 3:19-CV-1125-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendant Neoga CUSD #3 ("Neoga"). For the reasons set forth below, the Court denies the Motion to Dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an alleged incident of sexual abuse perpetrated by Defendant Marlin Robb ("Robb") against Plaintiff Trenton Spence ("Spence") while Robb was employed as a substitute teacher by Defendant Dietrich Unit #30 Schools ("Dietrich") (Doc. 1 at 5–8).

Robb was an employee of Neoga prior to his employment by Dietrich. Spence alleges that while employed by Neoga, Robb was accused of "inappropriate behavior" or "sexually abusing at least one minor student" (*Id.* at 3). Neoga, according to Spence, was aware of these allegations and terminated Robb as a result (*Id.* at 4). Spence alleges that Neoga had a legal obligation to inform "law enforcement or other civil authorities" of

allegations of sexual abuse and similar inappropriate behavior such as those made against Robb and that Neoga employees failed to do so (*Id.* at 23). Through this failure, Spence alleges, Neoga breached its duty to students and minor children and engaged in willful and wanton conduct or negligence (*Id.* at 23–26).

After being terminated by Neoga, Robb was at some point hired by Dietrich (*Id.*). Spence alleges alternatively that either Neoga did inform Dietrich of the allegations of sexual abuse against Robb and that Dietrich hired Robb anyway (*Id.* at 4–5), or that Neoga failed to inform Dietrich of the allegations (*Id.* at 24).

## LEGAL STANDARD

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince,* 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Court of Appeals for the Seventh Circuit has clarified that, even after *Twombly*, courts must still approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied,* 558 U.S. 1148 (2010) (quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)).

ANALYSIS

*A. Applicable Law*

An Illinois common law action for negligence requires a plaintiff to plead facts sufficient to indicate (1) the existence of a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by that breach. *Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263 (Ill. 2007). Willful and wanton conduct in Illinois common law is not a separate tort, but rather an aggravated form of negligence, which requires the plaintiff to show all of the elements of negligence as well as a deliberate intent to harm the plaintiff or conscious disregard for the plaintiff's welfare. *Doe-3 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 973 N.E.2d 880, 887 (Ill. 2012).

In determining whether to impose a duty upon a defendant, a court should look to "whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Id.* at 888 (citations omitted). In Illinois, courts have held that an affirmative duty to protect another from an unreasonable risk of physical harm will arise only in the context of a recognized "special relationship." *Id.* No special relationship exists between a school district and students of a different school district. *Id.*

Even in the absence of such a special relationship, however, school districts have still been found to owe a duty to students of other school districts where they gave inaccurate information in response to an inquiry about a former teacher's employment history. *Id.* at 889. In its holding in *Doe-3*, the Illinois Supreme Court noted that the defendant school district had taken an affirmative action in filling out an employment

verification form, thus assuming a duty to students of the inquiring school district to ensure that the information provided was accurate.

Schools and educational personnel are obligated by Illinois law to report allegations of sexual abuse of children. *E.g.*, 325 ILCS 5/4. However, Illinois courts have generally found that those provisions do not give rise to a private cause of action for failure to report and that they do not give rise to any duty to third parties. *E.g.*, *Varela v. St. Elizabeth's Hosp. of Chi., Inc.*, 867 N.E.2d 1, 11–13 (Ill. App. Ct. 2006).

Separate from the question of duty, the Illinois Local Governmental and Governmental Employees Tort Immunity Act provides a defense for public entities like Neoga in certain situations, stating that a "local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable," and that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-109, 10/2-201. But that provision has been held to apply only to conduct that is merely negligent, and it does not immunize willful and wanton conduct. *Doe-3*, 973 N.E.2d at 893. Furthermore, to be entitled to immunity even for negligent acts a public entity must show that its acts were an exercise of discretion and policy determination, rather than a merely "ministerial" act, such as "those which a person performs on a given state of facts in a prescribed manner, in obedience to the mandate of legal authority, and without reference to the official's discretion as to the propriety of the act." *Trtanj ex rel. State Farm Fire & Cas. Co. v. City of Granite City*, 884 N.E.2d 741, 749 (Ill. App. Ct. 2008). To

the extent that school districts and their employees are required to report instances of child sexual abuse, providing such information would be a ministerial act, not a discretionary one, and thus immunity would not apply.

A. *Discussion*

As stated, because Neoga and its employees were legally required to report credible allegations of child sexual abuse perpetrated by teachers, it is not entitled to immunity even for claims of negligent action and still less so for wanton and willful conduct.

To bring a claim either for negligence or wanton and willful conduct, however, Spence must still plead facts that would show a duty owed to him by Neoga. Spence appears to have advanced two alternative theories for this duty: first, he asserts that Neoga failed to report the prior instance of sexual abuse to law enforcement in violation of its legal obligations, and thus acted negligently or wantonly regardless of whether it notified Dietrich. As discussed, however, Illinois laws requiring reporting of child abuse do not establish a duty to third parties like Spence, so this allegation falls short of presenting a viable claim.

In the alternative, Spence argues that Neoga failed to notify Dietrich of the prior instance of sexual abuse, and Neoga's undertaking to verify Robb's employment history created a duty to Spence which was breached when Neoga failed to report the prior sexual abuse allegations against Robb. In relevant aspects, this mirrors the fact pattern seen in *Doe-3* and thus presents a valid claim. If Neoga was obligated to provide details of Robb's employment or voluntarily undertook to provide such details, then it took on

a duty to students such as Spence, which would have been breached if it failed to mention the prior allegations against Robb. Accordingly, Spence's claim may proceed on this theory, and Neoga's motion is denied.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Neoga's Motion to Dismiss (Doc. 28).

**IT IS SO ORDERED.**

**DATED:   April 24, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**