IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRENTON SPENCE,**<br><br>Plaintiff,<br><br>v.<br><br>**MARLIN ROBB, DEANNA JANSEN, DIETERICH UNIT #30 SCHOOLS. NEOGA CUSD #3, EFFINGHAM COMMUNITY SCHOOLS UNIT DISTRICT #40, DR. DAN CLASBY and SCOTT HOLST,**<br><br>Defendants. | **Case No. 19-cv1125-SPM** |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court are Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants, Effingham Community Schools Unit District #40 and Dr. Dan Clasby. For judicial economy, and because they contain identical arguments, this Court is handling together. For the reasons set forth below, the Court denies both motions to dismiss in their entirety.

## PROCEDURAL BACKGROUND

On October 16, 2019, Trenton Spence ("Spence") filed a ten (10) count complaint against defendants, Marlin Robb, Diana Warman, Dieterich Unit # 30 Schools and Neoga CUSD #3. (Doc. 1). Robb answered the complaint on January 20, 2020 (Doc. 34). Dieterich answered the complaint on December 23, 2019 (Doc. 30). Neoga filed a motion to dismiss for failure to state a claim on December 16, 2019

(Doc.28). Said motion was dismissed by the Honorable Chief Judge Nancy Rosenstengel on April 24, 2020 (Doc. 36), and Neoga answered the complaint on May 8, 2020 (Doc. 39).

On July 29, 2020, Spence filed motion for leave to file amended complaint and on July 30, 2020, the amended complaint was filed, adding three (3) new defendants, Effingham Community Schools Unit District #40, Dr. Dan Clasby and Scott Holst, and two (2) new counts against these new defendants. (Docs. 48 and 52). On September 16, 2020, Effingham filed its motion to dismiss. (Doc. 65). Spence responded to the motion to dismiss on October 20, 2020 (Doc. 69) and Effingham filed a reply to the response on October 29, 2020 making this matter ripe for review. (Doc. 71).

On November 4, 2020, Dr. Dan Clasby filed a motion to dismiss identical to that filed by Effingham. (Doc. 72). On December 7, 2020, Spence filed his response in opposition to Clasby's motion to dismiss. (Doc. 74).

On January 8, 2021, following the decision in *Forbes v. Board of Education of the New Berlin Community Unit School District, No. 16,* 2021 IL App (4th) 190902-U (January 6, 2021), this Court granted Effingham and Clasby the opportunity to amend/modify their pending motions and Spence the opportunity to respond should anything be filed (Doc. 76). On January 21, 2021, Effingham and Clasby filed a supplemental brief in support of their motions to dismiss (Doc. 77). Because the time has expired for Spence to file any response, this matter is ripe for review.

**FACTUAL BACKGROUND**

This action arises out of an alleged incident of sexual abuse perpetrated against plaintiff, Trenton Spence ("Spence") by defendant, Marlin Robb ("Robb") while Robb was employed as a substitute teacher by defendant Dieterich Unit #30 Schools ("Dietrich") (Doc. 52, 1-2). Robb is currently being criminally prosecuted in Jefferson County, Illinois for his interaction with Spence that occurred on March 26, 2019. *Id.*

Prior to his employment with Dietrich, Robb was a teacher at Neoga C.U.S.D. #3 ("Neoga") (*Id.* at 3). While working as a teacher at Neoga, Spence alleges that Robb engaged in inappropriate sexual behavior with at least one minor student, which led to his termination (*Id.* at 4).

Prior to his employment at Neoga, Robb was employed as a full-time teacher at Effingham Community Schools Unit District #40, ("Effingham") (*Id.* at 28). Dr. Dan Clasby ("Clasby") was the Superintendent of Effingham during the time of Robb's employment (*Id.*). In November 2005, while Robb was working as a teacher at Effingham, he was viewing child pornography on school computers and on school property (*Id.* at 29). During this timeframe, Clasby met with Robb regarding his internet activities and the websites visited (*Id.* at 29-32). On December 20, 2005, Robb resigned from his position at Effingham (*Id.* at *32).*

**ANALYSIS**

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief

that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016).

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.,* 589 F.3d 901 (7th Cir. 2009).

## ANALYSIS

In Count XI of the Amended Complaint, Spence asserts the Illinois state law claim of willful and wanton conduct against Effingham and Clasby (Doc. 52, 28-36). In Count XII of the Amended Complaint, Spence asserts the Illinois state law claim of negligence against Effingham and Dr. Clasby (*Id.* at 36-44). Effingham and Clasby raise the following five (5) grounds for dismissal in their respective motions: (1) Neither Effingham nor Clasby owed a duty to Spence or anyone else to report the alleged conduct that occurred at Effingham in 2005; (2) The statute of limitations bars Spence's claims; (3) The Tort Immunity Act bars Spence from recovery of his

claims; (4) Spence's willful and wanton claim is not independent from his negligence claim and does not allege sufficient facts to support a claim for willful and wanton conduct; and (5) punitive damages are barred (Docs. 65 and 72).

### I. Negligence

The essential elements of a cause of action based on common law negligence are: (1) the existence of a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and, (3) an injury proximately caused by the breach. *Ward v. K Mart, Corp.,* 554 N.E.2d 223 (Ill. 1990); *Kirk v. Michael Reese Hospital & Medical Center*, 513 N.E.2d 387 (Ill. 1987). Where there is no duty, there can be no liability. *Swearingen v. Momentive Specialty Chemicals, Inc.*, 662 F.3d 969 (7th Cir. 2011); *Iseberg v. Gross*, 879 N.E.2d 278 (Ill. 2007). The touchstone of the duty analysis is whether the plaintiff and defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Jane Doe-3 v. McLean County Unit District No. 5 Board of Directors, et al.,* 973 N.E.2d 880 (2012).

In Illinois, there is only an affirmative duty to protect another against an unreasonable risk of physical harm when a "special relationship" exists. *Id.* at 888. The common law does not recognize an affirmative duty to act for the protection of another in the absence of a special relationship between the parties and there is no special relationship between a school district and students of a different school[1]. *Id.; Iseberg,* 879 N.E.2d at 285.

---

[1] Historically, there have been four "special relationships" which this and other courts have recognized, namely, common carrier-passenger, innkeeper-guest, business invitor-invitee, and voluntary custodian-protectee. *Marshall v. Burger King Corp.,* 856 N.E.2d 1048 (Ill. 2006).

In his amended complaint, Spence alleges that Effingham and Clasby: (1) owed a duty of care to minor children and to students; and (2) had a duty to report teachers who viewed child pornography to law enforcement and civil authorities (Doc. 52). Those are the only duties Spence alleged were owed to him by Effingham and Clasby in the amended complaint (*Id.*). Notwithstanding the foregoing, Spence changed positions in his response to motion to dismiss, conceding that there was no "special relationship" between Spence and Effingham or Clasby, and that there was no duty to report Robb's conduct to either law enforcement or civil authorities under the Illinois Abused and Neglected Child Reporting Act (Docs. 69 and 74). While this would appear to put Spence's claims against Effingham and Clasby to rest, Spence argues in his amended response to motions to dismiss that Effingham and Clasby had a duty to truthfully report Robb's employment history (*Id.*). The plaintiff is attempting to set forth a new basis for negligence in the response, which is not the place to do so.

A motion to dismiss pursuant to Rule 12(b)(6) examines the factual allegations *in the complaint. Bell Atlantic Corp.*, 550 U.S. at 555 (*emphasis added*). This Court is responding to the motion to dismiss amended complaint as filed and will not infer or examine additional arguments raised in response to motion to dismiss. If Spence wants to raise alternate claims or theories of liability, he should amend the complaint accordingly. As such, count XII of plaintiff's amended complaint is dismissed without prejudice.

## II.   Willful/Wanton Conduct

There is no separate, independent tort of willful and wanton conduct; rather

willful and wanton conduct is regarded as an aggravated form of negligence. *Krywin v. Chicago Transit Authority,* 938 N.E.2d 440 (Ill. 2010). In order to recover damages based on willful and wanton conduct, a plaintiff must first plead and prove the basic elements of a negligence claim. *Id.* 938 N.E.2d 440. Additionally, the plaintiff must allege either a deliberate intention to harm or a conscious disregard for the plaintiff's welfare. *Doe v. Chicago Board of Education,* 820 N.E.2d 418 (Ill. 2004).

As set forth *infra*, Spence conceded there was no "special relationship" between him and Effingham or Clasby and also conceded that there was no duty to report to law enforcement or civil authorities. Because this court is dismissing the negligence count as there is no remaining duty that was alleged in the amended complaint, any claim alleging willful or wanton conduct based upon the same duties must also fail. As such, Count XI of the amended complaint is dismissed without prejudice.

### III. Punitive Damages

This argument is moot, as plaintiff has voluntarily dismissed his claims for punitive damages against Effingham and Clasby.

### IV. Statute of Limitations and Tort Immunity Act

Because this Court is dismissing the claims against Effingham and Dr. Clasby for failing to allege a duty owed to Spence in the amended complaint, this Court reserves any analysis of the applicable Statute of Limitations and Tort Immunity Act to this case.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motions to Dismiss filed by Effingham Community School Unit District #40 and Dr. Dan Clasby;

however, the Court further grants plaintiff thirty (30) days to file a second amended complaint with respect to these defendants. If Spence files a second amended complaint, Effingham Community School Unit District #40 and Dr. Dan Clasby will have thirty (30) days from that date to file a responsive pleading.

**IT IS SO ORDERED.**

**DATED:**   **February 18, 2021**

**/s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**U.S. District Judge**
